## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FRANK KESSLER, individually, and WILSON MERCHAN and CHRISTINE MERCHAN, individually and on behalf of a class, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 05 C 5944 |
| AMERICAN RESORTS INTERNATIONAL'S HOLIDAY NETWORK, LTD., ES FINANCIAL, INC. and ASPEN NATIONAL FINANCIAL, INC., | ) ) ) ) | |
| Defendants. | ) | |
| -------------------------------------------------------------------- | ) ) | |
| ALAN H. SLODKI, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07 C 2439 |
| AMERICAN RESORTS INTERNATIONAL, LTD., AMERICAN RESORTS INTERNATIONAL'S HOLIDAY NETWORK, LTD., SONNENSCHEIN MARKETING SERVICES, LLC, SONNENSCHEIN FINANCIAL SERVICES, LLC, GLOBAL EMPLOYEE MANAGEMENT SERVICES, LLC, TARGET MARKETING OF ILLINOIS, INC., INTERNATIONAL RESORTS, L.P., OYSTER BAY CLUB, N.V., ALPENLAND RESORT LTD. LIMITED PARTNERSHIP, WALTER N. KOSCH, THOMAS LUPINA, and ROBERT PIOSO, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

MATTHEW F. KENNELLY, District Judge:

Before the Court are motions to reconsider its ruling of November 14, 2007 that vacated the Court's preliminary certification of a settlement class led by Wilson and Christine Merchan and preliminary approval of the proposed settlement in the Merchans' lawsuit over a time share program operated by American Resorts International's Holiday Network. The Merchans and certain defendants have also moved the Court to reconsider its decision to abstain from exercising its jurisdiction and remand another, older case arising from the same alleged events—the *Slodki* class action—to the Circuit Court of Cook County, Illinois under a provision of the Class Action Fairness Act of 2005. For the reasons set forth below, the Court grants the motions to reconsider, but arrives at the same result it reached before, albeit for somewhat different reasons with regard to the preliminary certification / preliminary approval issue.

## I. Background

### A.     The ARI lawsuits

This litigation stems from the management of a time share program operated by American Resorts International's Holiday Network and its parent American Resorts International, Ltd. (for simplicity's sake, the Court refers to both entities as "ARI" except as otherwise noted). These are two separate lawsuits, which the Court consolidated for pretrial purposes in June 2007.

The first of the suits was filed in the Circuit Court of Cook County in 2002 by Alan H. Slodki, a member of ARI's time share program. Slodki sued over ARI's imposition of

maintenance fees that he alleged breached his member contract. In February 2003, the state

court certified a class composed of all current and former members of the time share program

from whom ARI sought and collected maintenance fees and fees for certain service

improvements ("the *Slodki* class"). ARI then asserted it could not repay the challenged fees

unless it shut down the time share program or increased membership fees to cover the cost of a

judgment, raising the prospect of a pyrrhic victory for the *Slodki* class. In response, the class

hired an accountant to review ARI's books. The accountant concluded that ARI's weak

financial position was the result of mismanagement and diversions of ARI time share funds to

related entities. The *Slodki* class sought the appointment of a receiver to take over ARI's affairs

and eventually agreed to the appointment of a court advisor to "review, assess and report to the

Court on the current financial and operational health of the Defendants and the Holiday Network

Time Share Program." The advisor in turn had the court appoint Grant Thornton LLP, an

accounting firm, to assist him. In the ensuing months, ARI refused to pay the Grant Thornton's

invoices because it objected to the tone and findings of the firm's draft report to the court.

In May 2007, in response to the findings of its own accountant and Grant Thornton's, the

*Slodki* class amended its complaint to add as defendants ARI's individual principals and certain

entities controlled by them. The second amended complaint asserted fraudulent-transfer claims

against these new defendants, allegedly worth $65 million. Availing themselves of the Class

Action Fairness Act of 2005 (CAFA), *see* 28 U.S.C. §§ 1332(d)(2) & 1453, the defendants then

removed the *Slodki* class action to this Court.

The second suit was filed in this Court in October 2005, by another ARI time share

program member, Frank Kessler. Kessler alleged that ARI had violated the Illinois Consumer

Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, by losing ownership and control of a Caribbean resort and by assessing fees to which it was not entitled. Kessler's complaint also incorporated federal claims, since dismissed, against two debt collection agencies under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq*.

In February 2006, Kessler filed an amended complaint adding the Merchans as plaintiffs. The Merchans, who had also been members of the ARI time share program, asserted claims against ARI under the Illinois statute on behalf of a class of "all current or former members of American Resorts International's Holiday network time share program from whom ARI and ARIHN assessed and collected maintenance fees and services fees from and including January 1, 1999 through the present."

In March 2007, ARI and the Merchans, as putative class representatives, executed a proposed settlement agreement. Under its terms, the putative class would release all claims against ARI and ARIHN and their directors, officers, employees, and agents, including all claims in the *Slodki* litigation. In exchange, class members would receive some mix of transferable "grants" entitling them to weeknight lodging and vouchers for meals, drinks, and spa treatments at ARI's two remaining resorts, which are in Austria. The Merchans each would receive a $5,000 incentive payment for representing the class, and their counsel would be paid a fee award of $90,000. ARI also made certain commitments regarding business practices it would follow in the future.

In May 2007, the Court granted the Merchans' motion for preliminary certification of the settlement class and preliminary approval of the settlement. The *Slodki* class action was

removed to federal court the same month and, after the Court granted ARI's motion for a finding of relatedness, was reassigned to this Court, where the Court consolidated it with the *Kessler / Merchan* suit for pretrial purposes. The *Slodki* class then moved the Court to reconsider its ruling preliminarily certifying the *Merchan* class and approving the proposed class settlement in that case. The *Slodki* class also moved the Court to abstain from exercising jurisdiction over its case under 28 U.S.C. § 1332(d)(3).

**B.     The Court's November 14, 2007 order**

The Court granted both motions filed by the *Slodki* class in an order entered on November 14, 2007. The Court was persuaded by the *Slodki* class's argument that the Merchans did not meet the requirements of Federal Rule of Civil Procedure 23(a) to serve as class representatives or, in the alternative, could not assert class claims that competed with those of the certified *Slodki* class. The Court accordingly vacated its preliminary certification—which it noted had been tentative and thus subject to revision in light of the information cited by the *Slodki* class, *Kessler v. Am. Resorts Int'l's Holiday Network, Ltd.*, Nos. 05 C 5944, 07 C 2439, 2007 WL 4105204, *7 (N.D. Ill. Nov. 14, 2007) (citing *Mars Steel Corp. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*, 834 F.2d 677, 680 (7th Cir. 1987))—on the strength of the *Slodki* class's argument that the Merchans' own class definition meant that the Merchans either lacked the requisite injury and thus had no standing or were members of the *Slodki* class who were thus barred from bringing competing class claims. *Id.* at *8 (*citing In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 333 F.3d 763, 769 (7th Cir. 2003)).

In vacating its preliminary certification of the proposed settlement, the Court found that the proposed settlement's value was unreasonably low as compared with the potential value of

the claims the class members would give up.  Although counsel for the *Slodki* class had backed away from the assertion that its fraudulent transfer claims were worth $65 million, the Court took the view that these claims were not trivial.  Their release for exclusively in-kind consideration, which would foreclose recovery in cash of sums that may have been transferred to related entities that are defendants in the consolidated case, was outside the range of possible approval and therefore failed to meet the applicable legal standard.  *Id.* at *5-7 (*citing Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds*, *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998)).  The Court applied to the proposed settlement the criteria of Federal Rule of Civil Procedure 23(e) and *Isby v. Bayh*, 75 F.3d 1191, 1196, 1199 (7th Cir.1996), and determined that, on the whole, the settlement undervalued the class members' claims and did not merit preliminary approval.

With regard to the *Slodki* class's motion invoking 28 U.S.C. § 1332(d)(3), the Court determined that the *Slodki* class had made "a strong case for abstention" under the six statutory factors of that provision of CAFA.  *Id.* at *11.  The Court determined that the *Slodki* class action involved no matters of significant interstate interest, would be governed by Illinois law, was not pled in a manner designed to avoid federal jurisdiction, "unquestionably was brought in a forum with a distinct nexus to the class members, the alleged harm, and the defendants," involved class members drawn heavily from Illinois, and was the only class action to assert the claims it did on behalf of the class it did (other than the *Kessler / Merchan* suit, which was filed only after the *Slodki* class had been pending in the state court for several years).  *Id.*  The Court therefore remanded the *Slodki* case to the Circuit Court of Cook County.

The Merchans and certain defendants in the cases—though apparently not ARI or ARIHN—have moved the Court to reconsider these rulings.

## II.  Discussion

Reconsideration is appropriate when the Court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)).  "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court."  *Id.*

A motion to reconsider should not be used to reargue previously presented points. *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).  "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Publishers Resource, Inc. v. Walker-Davis Pubs., Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (*quoting Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982)).

### A.        Preliminary certification of the *Merchan* class

In support of their motions to reconsider the Court's withdrawal of preliminary certification of the *Merchan* class, defendants and the Merchans now assert that the Merchans never received notice of the *Slodki* class action and therefore could not have opted out of it.

This, defendants and the Merchans argue, means the Merchans are not members of the *Slodki* class and therefore do not encounter a bar to asserting competing class claims under *Bridgestone/Firestone*. Defendants also argue that the *Merchan* class is broader than but encompasses the *Slodki* class, such that the Court's finding that the *Slodki* class and the proposed *Merchan* class are "essentially co-extensive" was in error. In this connection, defendants continue to assert that the assessment of the challenged fees alone is sufficient injury to confer Rule 23(a) standing on the Merchans.

The fact that the Merchans did not receive notice of the *Slodki* class is, in the Court's view, newly discovered evidence making reconsideration appropriate. But although the Court has reconsidered its earlier rulings in light of the new evidence and the arguments of defendants and the Merchans, the Court arrives at the same conclusions it reached earlier, albeit via a different route.

The Merchans stress that *Bridgestone/Firestone* has no bearing on this case because it "deals with the rights of class members who are sent notice and then opt out," which, the Merchans assert, does not describe them. The Merchans argue the Court has unfairly barred them, under *Bridgestone/Firestone*, from bringing class claims because of what they describe as "another timeshare member['s] . . . class action on unrelated issues." Pls.' Br. at 4.

The *Slodki* class responds by restating its alternative arguments for why a Merchan-led class cannot purport to settle the claims of the *Slodki* class: either the Merchans lack the injury required by their own class definition and thus have no Rule 23(a) standing, or they are within the *Slodki* class and barred by *Bridgestone/Firestone* from bringing competing class claims. (As the Court concluded in its November 14 opinion, which alternative controls depends on how

liberally one reads the words "assessed and collected." *Kessler*, 2007 WL 4105204, at *8.) The *Slodki* class emphasizes the first of these alternatives, saying that defendants previously agreed that class membership in the *Slodki* case was limited to time share owners who had paid the challenged fees—as evidenced by the list ARI gave counsel for the *Slodki* class for class notice purposes. All sides agree the Merchans did not pay the fees.

The *Slodki* class also addresses the alternative scenario. It attacks the Merchans' altered stance that they "have the same claims as the *Slodki* Class . . . and have standing to represent the *Slodki* Class in settling out these claims," yet are not *Slodki* class members because they never received class notice. Slodki Resp. at 2. The *Slodki* class argues that the Merchans' failure to receive notice, even if they were entitled to it (a point the *Slodki* class does not concede), "would not allow them to represent an identical class in a competing class action," but would determine only "whether the resolution of *Slodki* would be binding on them." *Id.* at 3.

The Court agrees with the *Slodki* class's emphasis on the first alternative. The new evidence is sufficient to demonstrate a fact about which the Court was previously less than certain—specifically, the Merchans' non-membership in the *Slodki* class. As mentioned earlier and as discussed in the Court's November 14, 2007 decision, the *Slodki* class was defined to include those who were "assessed and collected maintenance fees." The fact that the persons named on the list that the defendants in the *Slodki* case provided, and who received notice of that class action, did not include persons who had been assessed fees but had not paid them confirms, in the Court's view, that the word "and" in the class definition meant exactly what it said: the class included only those persons who had actually paid the fees. The Merchans, who did not pay the fees, were not and are not members of that class.

Because the Merchans were not members of the *Slodki* class, the discussion in the Court's November 14, 2007 ruling regarding whether a member of a class who does not opt out may bring a competing suit is no longer pertinent to this case. For this reason, the Court need not address the arguments by the defendants and the Merchans that the Court misapplied *Bridgestone/Firestone*.

The Merchans' non-membership in the *Slodki* class does, however, impact their status as class representatives under the Court's preliminary certification ruling. Federal Rule of Civil Procedure 23(a) requires, among other things a showing that the proposed representatives will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). As noted in the Court's previous decision, this requirement, like the others in Rule 23, "demand[s] undiluted, even heightened, attention" when applied to proposed classes for which certification is sought for settlement purposes only. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); *Smith v. Spring Communications Co.*, 387 F.3d 612, 614 (7th Cir. 2004).

The Merchans cannot satisfy the requirement of adequacy of representation vis-à-vis the class they seek to represent—namely, a class that includes both persons (like them) who were assessed the fees and did not pay them, and those (like the members of the *Slodki* class) who actually paid the disputed fees. "The adequacy [of representation] inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation marks and citations omitted). There is a readily apparent conflict of interest between persons who, like the members of the *Slodki* class, actually paid the

10

assessed fees, and those who, like the Merchans, were assessed the fees and did not pay them. Specifically, those in the former category have a significantly enhanced interest in holding out for at least some monetary compensation, or if that is unavailable, in-kind compensation that has some real value to them. By contrast, those who, like the Merchans, are not actually out any money over and above what they paid for the time share interests to begin with, have a distinct incentive to settle the claims of the class much more cheaply, particularly if they are offered compensation directly. And that is precisely what the Merchans' proposed settlement provides: $10,000 paid directly to the Merchans and an agreed-upon $90,000 fee award for their lawyers, combined with settlement of the claims of the rest of the class members for non-monetary compensation that, as the Court previously concluded, is likely to have very little value to a significant portion of the class. To boil the settlement down to its essentials, the Merchans (who did not pay the fees) and their attorneys actually get money, and a decent amount of it at that, while those who, like the *Slodki* class members, paid the fees get only a coupon and "equitable" commitments by ARI to manage the time share program in a way it should have done from the start.

The disparity between the injuries alleged by the Merchans and those claimed by persons who paid the allegedly improper fees is significant enough to make the Merchans inadequate representatives of an all-encompassing class. *Cf. Amchem Prods.*, 521 U.S. at 626-27 (class representatives who were exposed to hazardous substance but had no present injury did not adequately represent class also including persons who had present injury resulting from exposure due to conflicting interests).

For this reason, the Court adheres to its prior ruling vacating its preliminary certification of the *Merchan* class. Though it is conceivable that the Merchans could be adequate representatives of a class encompassing only non-payers of the assessments—in other words, others who, like them, are not members of the *Slodki* class—that is not the question before the Court at present.

**B.      Preliminary approval of the *Merchan* settlement**

The Merchans and the defendants agreed that their proposed settlement would terminate if the Court declined to preliminarily certify the *Merchan* settlement class. Pls.' Mot. for Prelim. Certification at 5. The Court has now vacated its preliminary approval of the settlement class. By the terms of the proponents' agreement, the proposed settlement is a nullity. For this reason, the Court need not assess whether it is within the range of possible approval.[1]

**C.      Remand of the *Slodki* case to state court under 28 U.S.C. § 1332(d)(3)**

In support of their motion to reconsider the Court's November 14, 2007 ruling remanding the *Slodki* class action to the Circuit Court of Cook County, Illinois, defendants argue that "the prime directive" of 28 U.S.C. § 1332(d)(3) required the Court to consider the "totality of the circumstances" and the "interests of justice." These phrases, found in the language that immediately precedes the six statutory factors for discretionary abstention, "must have meaning," defendants argue, which requires "consideration of facts and circumstances other than and outside of the limitations of the six factors." Defs.' Reply at 2-3. Defendants concede,

---

[1] As suggested by the discussion in the previous section, however, the Court remains dubious of the adequacy of the settlement, even after having considered the arguments made in the motion for reconsideration.

however, that application of the six factors to the *Slodki* litigation supports the Court's decision to remand on discretionary abstention grounds.

Defendants cite to language from the Senate Judiciary Committee's report on CAFA that identifies inadequate judicial supervision of litigation procedures and proposed settlements in state-court class actions as an impetus for the legislation. Defs.' Br. at 5-6 (*citing* S. Rep. No. 109-14, at 5 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 4). This language, they say, undermines the Court's reasoning that "nothing in § 1332(d)(3) or its legislative history suggests that in determining whether to abstain from exercising federal jurisdiction, a federal court should take into account how well the case has been managed in state court or by the attorneys for the plaintiff class." *Kessler*, 2007 WL 4105204, at *11. They argue that the costly and protracted *Slodki* litigation is precisely the kind of case over which CAFA is meant to confer federal jurisdiction. The "mismanagement" of the state-court *Slodki* litigation, which shows no sign of being resolved five years on, when weighed against the *Kessler / Merchan* litigants' "significant progress toward resolution of the dispute," requires the Court to reconsider its jurisdiction, defendants assert. Defs.' Br. at 6-7.

Defendants cite no authority in support of their argument that the Court must give the "interests of justice" and "totality of the circumstances" phrases in section 1332(d)(3) independent effect. Nor can the Court find any such authority. No case analyzes the "interests of justice" independently from the statutory factors.[2] Rather, all the caselaw the Court has found

---

[2] One district court case, *Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70 (S.D.N.Y. 2006), seems to treat the "totality of the circumstances" as distinct from the statutory factors: the court in that case concluded its discussion of this point with the words "Upon consideration of the totality of the circumstances and the factors delineated in § 1332(d)(3), I am persuaded that the exercise of CAFA jurisdiction over this case is inappropriate." *Id.* at 81. This case does not, however, offer an in-depth treatment of how "totality of the circumstances" might differ

(continued...)

that examines this provision of CAFA applies the listed factors to determine whether the interests of justice require remand or not.  *See, e.g.*, *Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc.*, 485 F.3d 804, 822 (5th Cir. 2007) (identifying the six factors as "statutory factors for determining the interest of justice"); *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 461 (D.N.J. 2007) ("Upon consideration of the factors set forth in the provision covering the discretionary home state exception [i.e., 28 U.S.C. § 1332(d)(3)], the Court finds that it is in the interests of justice to remand this matter."); *Kendrick v. Standard Fire Ins. Co.*, No. CIV.A.06 141 DLB, 2007 WL 1035018, *5 (E.D. Ky. March 31, 2007) ("[T]he Court concludes that Plaintiffs have failed to show the factors required by § 1332(d)(3) and therefore remand pursuant to the 'interests of justice' section is not appropriate.").  Defendants have asserted no compelling reason why the Court should read section 1332(d)(3) to permit or require consideration of any factors other than those it specifically cites.

For these reasons, upon reconsideration the Court sees no basis to alter its earlier decision under 28 U.S.C. § 1332(d)(3) to remand the *Slodki* case to the Circuit Court of Cook County, Illinois.

**D.      Federal jurisdiction over the *Kessler / Merchan* suit**

The Court notes that there are no longer any federal claims involved in the *Kessler / Merchan* case.  The *Kessler / Merchan* complaint originally named two debt-collection agencies as defendants, alleging they had violated the federal Fair Debt Collection Practices Act and Credit Repair Organizations Act.  The Court dismissed these two defendants in March and October of 2006, respectively.  The remaining claims against ARI arise under the Illinois

---

[2](...continued)
from the statutory factors that would support defendants' position in this case.

Consumer Fraud and Deceptive Business Practices Act and concern ARI's loss of the Caribbean resort and the assessment of the challenged maintenance fees. Thus, only state law claims remain. Accordingly, plaintiffs Kessler and the Merchans are ordered to show cause why the case should not be dismissed for lack of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). If plaintiffs contend that diversity-of-citizenship jurisdiction still exists, they must identify completely the citizenship of each plaintiff and any remaining defendant.

### III. Conclusion

For the foregoing reasons, the Court grants defendants' and the Merchans' motions to reconsider its November 14, 2007 ruling, [docket nos. 122, 124, 133], but, on reconsideration, adheres to the original rulings. The Court's withdrawal of its preliminary certification of the *Merchan* class for settlement purposes therefore stands. This in turn terminates the proposed settlement. The Court's decision to abstain from exercising federal jurisdiction over the *Slodki* case pursuant to 28 U.S.C. § 1332(d)(3) and remand that case to the Circuit Court of Cook County, Illinois also stands. Finally, plaintiffs in the *Kessler / Merchan* suit are ordered to show cause why the Court should not dismiss that case for lack of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). The *Kessler / Merchan* case (05 C 5944) is set for a status hearing on March 27, 2008 at 9:30 a.m.

_____/s/ Matthew F. Kennelly_____
MATTHEW F. KENNELLY
United States District Judge

Date:   March 12, 2008